**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SABRINA STRICKLAND, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | No. 22-4266 (KMW-MJS) |
| STATE OF NEW JERSEY, CITY OF CAMDEN, | |
| | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

THIS MATTER comes before the Court by way of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that her monthly income is $800.00 and her monthly expenses exceed her income. IFP Application ¶¶ 1, 8. Plaintiff does not have other liquid assets, nor does she list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

THE COURT FINDING that because Plaintiff's income is very modest, the Court grants the IFP Application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed without prejudice for lack of jurisdiction and failing to state a claim.

Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* Plaintiff does not point to any violation of federal law or the Constitution of the United States, nor does Plaintiff assert that this Court would have jurisdiction over the parties pursuant to diversity jurisdiction.

Further, while the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted). The Court notes that Plaintiff does not assert any specific claim against each Defendant, which is required pursuant to Federal Rule of Civil Procedure 8(a). *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: a short and plain

statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief.").

The Court notes that Plaintiff desires to see change in the wake of the loss of her son and acknowledges her efforts. However, this Court is bound by its jurisdictional limitations, the Federal Rules of Civil Procedure, and the precedent as discussed in this Opinion. Therefore,

IT IS HEREBY on this 18th day of November, 2024,

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to further amend her Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

.

Case 1:22-cv-04266-KMW-MJS    Document 6    Filed 11/18/24    Page 4 of 4 PageID: 33